# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

APRIL JIMISON o/b/o SHERRIE D. SIMS, deceased,

    Plaintiff,

vs.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration,

    Defendant.

Case No. 10-CV-692-FHM

## OPINION AND ORDER

Plaintiff, April Jimison on behalf of Sherrie D. Sims, deceased,[1] seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less

---

[1] All references to Plaintiff herein refer to the Claimant, Ms. Sims.

[2] Plaintiff's June 13, 2007, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") John Volz was held April 15, 2009. By decision dated May 8, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on September 2, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 45 years old at the alleged date of onset of disability and 48 on the date of the ALJ's decision. She had a bachelor degree in business administration and formerly worked as cashier, hand packer, presser, apartment manager, and car hop. She claimed she was unable to work since September 26, 2006, as a result of bipolar disorder, chronic low back pain, obesity, and sleep apnea.

## The ALJ's Decision

The ALJ determined that Plaintiff retained the residual functional capacity to perform the full range of sedentary work but required a sit/stand option. [Dkt. 11-, p. 15]. Although Plaintiff was unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that a significant number of jobs in the national economy existed that Plaintiff could have performed with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts that the ALJ committed the following errors: failed to evaluate Plaintiff's obesity; failed to properly consider the medical source opinions; failed to perform a proper credibility determination; and failed to perform a proper determination at step 5.

## **Analysis**

Many of Plaintiff's contentions are unsupported by cogent argument tying them to the facts of this case and demonstrating prejudice to Plaintiff or citation to the record and are therefore dealt with in a summary fashion. It is Plaintiff's duty on appeal to support arguments with references to the record and to tie relevant facts to legal contentions. The court will not "sift through" the record to find support for the claimant's arguments. *SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir.1992), *United States v. Rodriguiez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)(appellants have the burden of tying the relevant facts to their legal contentions and must provide specific reference to the record to carry the burden of proving error).

### Consideration of Obesity

Plaintiff argued that the ALJ failed to consider her obesity, but did not point to any work-related limitations caused by obesity that were not accounted for by limiting Plaintiff to the performance of sedentary work. The court finds no error in the ALJ's treatment of Plaintiff's obesity.

3

Consideration of Medical Source Opinions

Plaintiff argued that the ALJ's decision should be reversed because the ALJ "ignored that a member of Claimant's mental health team submitted a mental status report stating that she "is unable to respond appropriately to normal work pressure." [Dkt. 12, p. 5, quoting R. 264]. The record Plaintiff referred to is undated and unsigned. Elsewhere on that record it states "clinician is unable to obtain a detailed description of the client's activity due to minimal contact with the client." [R. 264]. The court finds no error in the ALJ's failure to address this record.

Plaintiff also argues that the ALJ ignored that the mental consultative examiner expressed the opinion that it was uncertain whether she could persist in an ongoing day to day basis without relapse. [R. 189]. According to Plaintiff, this comment is the same thing as an opinion that Plaintiff could not work, and the ALJ's failure to explain why he rejected this opinion is error. The comment Plaintiff referred to is taken out of context. The entire comment made by the consultative examiner reads, as follows:

> At the maximum, the claimant can concentrate on complex tasks during a normal workday. It is not clear whether the claimant could persist on an ongoing, day to day basis, without relapse.

[R. 189]. The court reads the uncertainty about Plaintiff's ability to persist on an ongoing basis as relating to her ability to concentrate on complex tasks. Moreover, the examiner did not say Plaintiff could not persist, just that her ability was not clear. This is not the same as an opinion that she could not work. In fact, the ALJ noted that Dr. Kent said Plaintiff could concentrate during a normal workday and that she reported her symptoms had improved on medications. [R. 15, 189].

The jobs identified by the vocational expert are unskilled jobs. Plaintiff has not demonstrated that unskilled jobs entail complex tasks which might be precluded by Dr. Kent's opinion. Indeed, the Social Security regulations define unskilled work as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Thirty days is specified as the usual amount of time to learn such a job. *Id*. The vocational expert employed the term SVP of 2 which refers to a designation in the *Dictionary of Occupational Titles* (DOT) that means specific vocational preparation. According to the DOT, an SVP of 2 is anything beyond a short demonstration of the job task up to an including one month. *Dictionary of Occupational Titles*, Fourth Edition, Revised 1991, Appendix C, II; 1991 WL 688702 (G.P. O). The court finds that Plaintiff has not demonstrated a conflict between the above-quoted consultative examiner's finding and the jobs the ALJ found Plaintiff was capable of performing.

### Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005) (citation, brackets, and internal quotation marks omitted). The ALJ cited numerous grounds, tied to the evidence, for the credibility finding. The ALJ found that the medical reports do not support the level of impairment the claimant alleges for either her physical or mental diagnoses. [R. 15]. He referred to: the findings of the

5

consultative examiner who found full range of motion of lumbar-sacral spine (with pain), safe and stable gait; the lack of reference to some of her complaints in the medical treatment records; the opinions of the mental consultative examiner; and improvement on new medications. [R. 15-16]. The ALJ thus properly linked his credibility finding to the record, therefore the undersigned finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination.

Evaluation at Step-Five

At step five of the sequential evaluation, the ALJ considers whether there is work in the economy that the claimant can perform with his or her work-related limitations. 20 C.F.R. § 404.1520(g). Plaintiff urges several bases for concluding that the ALJ failed to properly perform this step of the evaluation: the ALJ failed to define the amount of time Plaintiff could sit and stand or the amount she could lift in the hypothetical question; the ALJ failed to include that she had a moderate limitation in concentration, persistence, and pace in the RFC and hypothetical question to the vocational expert; the ALJ failed to include hand impairments related to eczema in the residual functional capacity (RFC) finding; the ALJ failed to warn the vocational expert that testimony must be explained when it diverges from the *Dictionary of Occupational Titles* (DOT); and the ALJ failed to include any limitations on public contact in the RFC and hypothetical questioning of the vocational expert.

The court finds no error in the ALJ's failure to specifically outline the amount of standing and sitting or the amount Plaintiff could lift in the hypothetical question posed to the vocational expert. The ALJ specified that sedentary work could be performed. The Social Security regulations define sedentary work, which is a term of art that has the same

6

meaning as in the *Dictionary of Occupational Titles* (DOT) published by the Department of Labor. 20 C.F.R. § 404.1567. The case cited by Plaintiff in her reply brief, to support her contention that the ALJ erred in this regard, *Alexander v. Barnhart*, 74 Fed.Appx. 23, 28 (10th Cir. 2003), pertains to decisions made at step four based on a determination that the claimant can return to past relevant work. That is not the case here.

The court finds no merit to Plaintiff's assertion that the case should be reversed because the ALJ "failed to warn the VE that her testimony must be explained when it diverges from the DOT." [Dkt. 12, p. 4]. According to Plaintiff, "[i]n this case the testimony did diverge." *Id.* However, Plaintiff made this statement without any citation to the record. Plaintiff has thus failed to demonstrate error. Moreover, it is clear from the hearing transcript that the vocational expert's testimony was based on data in the DOT. In discussing Plaintiff's past relevant work, the vocational expert specifically cited the DOT. [R. 36-37]. The vocational expert also employed terms from the DOT in identifying jobs in response to the ALJ's hypothetical questioning. [R. 37-38]. *See Gibbons v. Barnhart*, 85 Fed.Appx. 88, 93 (10th Cir. 2003)(where plaintiff failed to identify any discrepancies between the DOT and vocational expert's testimony, once the vocational expert stated he was relying on the DOT, the ALJ had no further duty to investigate).

Plaintiff points to the ALJ's finding of moderate difficulties in concentration, persistence, and pace, [R. 13], and argues that it was error to fail to include that finding in the RFC. The court finds it was not error. When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the

application of the procedure in the decision. 20 C.F.R. §§ 404.1520a(e), 416.920a(e). This procedure, known as the psychiatric review technique (PRT), requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation of extended duration. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, §12.00 (C). However, PRT findings do not necessarily relate to the ability to perform work-related activities and thus do not necessarily reflect limitations that must also appear in the RFC. The ALJ explained in his decision that "the paragraph B" criteria are not RFC assessments. [R. 15]. Social Security Ruling 96-8p iterates this point. SSR 96-8p, 1996 WL 374184 at *4.

The court finds no error in the ALJ's failure to include RFC limitations related to Plaintiff's hands due to eczema. Plaintiff did not point to any work related limitations in the record pertaining to her hands. The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (10th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250

*1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

The ALJ noted the opinions of the psychological consultative examiner and the Disability Determination Service medical consultant that Plaintiff would need to limit her contact with the general public. [R. 17]. However the ALJ did not include this limitation in the RFC or in the hypothetical questioning of the vocational expert. Nor did the ALJ clearly explain whether he rejected that limitation. Plaintiff argues that limited contact with the public would prevent her from performing the job of order clerk, one of the two jobs identified by the vocational expert. Plaintiff makes no argument about the other job the vocational expert identified, semiconductor assembler. The ALJ should have addressed the opinions about public contact, but his failure to do so does not require remand. Plaintiff has posed no objection to the remaining job and the record reflects that there are a large number of those jobs available, 6,000 regionally and 80,000 nationally. [R. 37]. Further the vocational expert testified that the jobs named were "just some examples." [R. 38]. At step five the Commissioner needs to show Plaintiff can perform one or more occupations with a significant number of available positions. *See Evans v. Chater*, 55 F.3d 530, 532 (10th Cir 1995) (citing 20 C.F.R. § 404.1566(b))("Work exists in the national economy [for step-five purposes] when there is a significant number of jobs (in one or more occupations ) having requirements which [the claimant is] able to meet...."). Since Plaintiff has not posed an objection to the semiconductor assembler job there is no basis for reversal of the ALJ's decision.

**Conclusion**

Based on the foregoing analysis, the Commissioner's denial decision is AFFIRMED.

SO ORDERED this 21st day of March, 2012.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE